## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | §    **CASE NUMBER 6:18-CR-00018-JCB** |
| **v.** | § |
| | § |
| | § |
| **JASON VERNON BOWMAN** | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 21, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jason Vernon Bowman. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth R. Hawk II, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level 19 and criminal history category of VI, was 63 to 78 months. On November 1, 2018, U.S. District Judge Thad Heartfield of the Eastern District of Texas sentenced Defendant to 48 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing. On November 9, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On May 24, 2021, this case was reassigned to U.S. District Judge J. Campbell Barker.

Under the terms of supervised release, Defendant was required to participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. In its petition, the government alleges that Defendant violated his conditions of supervised release on March 21, 2024, and April 4, 2024, when he failed to call in to a scheduled telehealth substance abuse treatment session.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by failing to comply with substance abuse treatment, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 12 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 12 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be FMC Fort Worth, Texas, if available, but if not available, FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 22nd day of August, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE